UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-600-FDW

| DANIEL MATTHEW SLOOP, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| DEPARTMENT OF PUBLIC SAFETY OF PRISONS, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.

According to the website of the North Carolina Department of Public Safety, Plaintiff is a prisoner of the State of North Carolina following his conviction for rape in the first degree (principal) on October 4, 2007. Plaintiff's projected release date is November 25, 2033.

In his pro se complaint, Plaintiff states that he is housed at Lanesboro Correctional Institution within the Western District. Plaintiff alleges that prison staff and inmates are conspiring to frame him on a drug charge and they have put blood in his food which "they" say is tainted with AIDS. Plaintiff contends that he has asked for protective custody but his requests have repeatedly been denied. In addition, Plaintiff asserts that "they" have put drugs in his food. Plaintiff alleges that he requested both a blood and drug test but "they" refused his requests. Plaintiff contends that he needs outside help before he is killed by unnamed individuals. According to Plaintiff, an unidentified inmate told everyone that Plaintiff raped and killed some babies and now Plaintiff fears that someone may "take the law into [their] own hands." (Doc.

No. 1 at 5). In his claim for relief, Plaintiff seeks a transfer from Lanesboro Correctional so that he may serve out his time in peace.

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this initial review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff asserts that he has filed multiple grievances but that none of them were returned to him. Accepting this statement for the purpose of this initial review, the Court finds that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. Nowhere in his complaint does Plaintiff identify a prison official or inmate by name instead he generically refers to his alleged harassers as "staff", "inmate", "Doc" or "they".

There is but no question that the Eighth Amendment places a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

In the present case, Plaintiff identifies no alleged aggressor by name, and according to his complaint it appears that he is having frequent interaction with these inmates and guards. It therefore strains reason to find that Plaintiff cannot identify at least one of the individuals he believes is responsible for the alleged harassment. Because Plaintiff has provided no information on the identity of any defendant, the Court finds that Plaintiff has failed to state a claim for relief and his complaint will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. (Doc. No. 1). 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to close this case.

Signed: November 1, 2013

Frank D. Whitney
Chief United States District Judge